UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON EUGENE JOHNSON,

                Petitioner,

v.                                                  Case Number: 08-CV-11096
                                                  Honorable Nancy G. Edmunds

SUSAN DAVIS,

                Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S REQUEST TO STAY HIS HABEAS PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

I.

Petitioner Damon Eugene Johnson, a Michigan state inmate currently incarcerated at the Pine River Correctional Facility in St. Louis, Michigan,[1] filed a *pro se* petition for a writ of habeas corpus, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) On October 21, 2005, Petitioner was convicted by an Oakland County, Michigan, Circuit Court jury of armed robbery, MICH. COMP. LAWS § 750.529. On November 8, 2005, he was sentenced, as a third habitual offender, MICH. COMP. LAWS § 750.11, to fifteen- to forty-years imprisonment. In his *pro se* pleadings, Petitioner alleges (1) the trial court violated his due process rights by admitting prejudicial identifications by non-eyewitnesses, (2) ineffective assistance of trial counsel, and (3) insufficient evidence. Respondent filed her answer to the petition on September 22,

---

[1] Petitioner was incarcerated at the Huron Valley Men's Complex in Ypsilanti, Michigan, when he initially filed his habeas petition.

2008. (Dkt. # 5.) Some of the necessary Rule 5 materials were filed on September 30, 2008. (Dkt. # 6.) (Respondent failed to file the necessary jury-trial transcripts.) Before the Court now is Petitioner's "Request to Stop All Proceeding," which the Court construes as a motion to stay his habeas proceedings. (Dkt. # 11.) From Petitioner's one-page request, it appears that he is asking the Court to stop all proceedings regarding his case, so that he can file a post-conviction motion in state court; Petitioner contends that he has newly discovered evidence that will support his position of actual innocence.

For the reasons stated, the Court will grant Petitioner's request and stay the case so that Petitioner may return to state court.

## II.

Following his conviction and sentence, Petitioner filed his appeal of right with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction, but vacated his sentence and remanded to the trial court for re-sentencing, after determining that offense variable (OV) 13 of the sentencing guidelines, MICH. COMP. LAWS § 777.43, was erroneously scored at twenty-five points without adequate evidence to support the score. *People v. Johnson*, No. 267149, 2007 WL 1828383 (Mich.Ct.App. June 26, 2007). While his case was being remanded, Petitioner filed his application for leave to appeal with the Michigan Supreme Court, which was denied on October 29, 2007. *People v. Johnson*, 480 Mich. 927, 740 N.W.2d 250 (2007).

On remand, the trial court scored OV 13 at zero points, which reduced Petitioner's sentencing guidelines range from 108 to 270 months to 81 to 202 months. Nevertheless,

the trial court found that the original sentence was still appropriate and again imposed a sentence of fifteen- to forty-years imprisonment.

Following remand, Petitioner filed an appeal of right regarding his re-sentencing with the Michigan Court of Appeals. On September 30, 2008, the Court of Appeals affirmed his re-sentence. *People v. Johnson*, No. 280795, 2008 WL 4415621 (Mich.Ct.App. Sept. 30, 2008). It does not appear that Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court. Furthermore, it does not appear that Petitioner filed any writs of certiorari with the United States Supreme Court, or any post-conviction motions with the state trial court. His habeas petition was filed on March 13, 2008.

### III.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state-court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present

those claims to this Court.  Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.  Here, the Court finds that Petitioner has met his burden of showing exhaustion of state-court remedies, regarding the issues presented in his *pro se* habeas pleadings.

However, Petitioner alleges that he has discovered new issues regarding his conviction and sentence and is therefore requesting to return to state court to file a post-conviction motion under Mich.Ct.R. 6.500 *et. seq.*; Petitioner is requesting a stay so that he can give the state courts the first opportunity to address his new claim(s), and in the event that he is unsuccessful in the state courts, then Petitioner can join those new claim(s), with his currently-already-exhausted claims, for adjudication in this federal habeas-corpus proceeding.  Petitioner asks this Court to exercise its authority and hold his petition for writ of habeas corpus in abeyance.  Having considered the matter, the Court finds that it is appropriate to stay this case.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  For example, stay and abeyance may be appropriate when a habeas petitioner

could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Here, the Court finds that Petitioner has shown the need for a stay. It appears that his newly-discovered claim(s) is (are) not exhausted and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

In this case, the Michigan Court of Appeals denied Petitioner's appeal of right regarding his re-sentencing on September 30, 2008. Because Petitioner did not file an application for leave to appeal that decision with the Michigan Supreme Court, the Michigan Court of Appeals's decision is the final judgment. Therefore, from that date, Petitioner then had ninety days in which to seek a writ of certiorari with the United States Supreme Court, which he did not. *See* SUP.CT.R. 13(1). With regard to the statute of limitations therefore, his convictions became final on December 30, 2008, and he has until December 30, 2009, in which to file his habeas petition. If the Court were to dismiss his petition, he would have approximately six months remaining before the statue of limitations expired. However, Petitioner filed the instant petition on March 13, 2008. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-81 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the

5

meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Under these conditions, rather than dismiss the case, it is better for the Court to stay the case, because the limitations period could expire before Petitioner had an opportunity to exhaust his claims and then return to this Court.

Furthermore, in reviewing Petitioner's claims in his *pro se* pleadings, it does not appear that those claims are "plainly meritless." *Rhines*, at 277. And, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

IV.

For the reasons stated, rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay proceedings and **STAYS** this action so that Petitioner can fully exhaust state-court remedies as to his newly-discovered claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty (60) days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

The Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only.

Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

**IT IS SO ORDERED.**


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 8, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 8, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager